## RICHARDSON vs. FIELD.

Where one purchased a right in equity of redemption, and afterwards took an assignment of the mortgage ; and immediately mortgaged the same land to the original mortgagee in fee ;—it was held, in a writ of entry brought by the assignee against the mortgagor, that the declarations of the original mortgagee could not be given in evidence to prove usury in the first mortgage.

THIS was a writ of entry brought by the assignee of a mortgagee, against the mortgagor ; the facts of which case are fully stated in the report of the same case, *ante p.* 35. The action was resisted on the ground that the promissory note, to secure which the mortgage was made, was given upon a usurious consideration ; and to prove this the tenant offered to give in evidence the declarations of one *Bracket*, the mortgagee. In support of the motion to admit this evidence, the tenant proved that *Bracket* had requested some of the witnesses to attend at the trial, had paid some of them their fees, and had himself been present, consulting with the demandant's counsel ; and that the demandant himself had said that he cared little or nothing how the cause might be decided, as he was indemnified ; and spoke of the action as *Bracket's* ; saying, however, at the same time, that he also himself had an interest in the land. And the tenant further showed that on the same day on which the mortgage was assigned to the demandant, the latter gave a mortgage of the same premises to *Bracket* to secure a debt of about $1900 ; the demandant having more than a year previously acquired the right in equity of redemption, by purchase at a sheriff's sale.

The counsel for the demandant opposed the admission of any declarations of *Bracket*, he not being a party to the record, nor solely interested in the suit ; and even his testimony in court not being admissible to impeach the security he had put into circulation, by showing usury in its original concoction. And the Chief Justice, before whom the cause was tried, rejected the testimony ; but reserved the point for the consideration of the Court, a verdict being found for the demandant.

*Fessenden* and *Deblois,* for the tenant, argued that the testimony ought to have been admitted. 1st. Because *Bracket* was the party in interest in the cause. The assignment and the new mortgage constituted but one contract, and revested the whole estate in *Bracket.* The seisin of the demandant was merely instantaneous, of which his wife could never be endowed. *Holbrook v. Phinney,* 4 *Mass.* 566 ; *Kelleran v. Brown, ib.* 443. And the demandant expressly avowed that the suit was *Bracket's.* Though the declarations of one merely interested in the event of the suit are not admissible, yet those of the party in interest are always received. *Hanson v. Parker,* 1 *Wils.* 257 ; *Rex v. Hardwick,* 11 *East.* 578 ; 1 *Phil. Ev.* 74 ; *Johnson v. Keen,* 1 *Serg. & Rawle,* 25 ; *Bell v. Ainsley,* 16 *East.* 141 ; *Tyler v. Ulmer,* 11 *Mass.* 163 ; *Howard v. Cobb,* 3 *Day* 309. 2. Because *Bracket* was in fact the owner of the land in dispute. The title was never out of him, except for an instant, and by legal fiction. *Deering v. Sawtel,* 4 *Greenl.* 191.

*Longfellow* and *Greenleaf,* for the demandant.

MELLEN C. J. delivered the opinion of the Court.

The only question in this case is, whether evidence of *Bracket's* declarations, offered to prove the alleged usury, was properly rejected. *Richardson* having purchased *Field's* equity of redemption, which was never redeemed, and afterwards obtained from *Bracket* an assignment of the mortgage, by this union of the two parts of the title, became absolute owner of the property, unless his title was defeazable, or rather void, in consequence of the usury which the tenant contends corrupted the original contract. It is true that on the same day on which *Richardson* became the owner of the whole estate, he made a new mortgage to *Bracket* to secure about $1900 ; but this mortgage had no connection with the former ; nor is it pretended that there was any usury in the contract. Still, as the defence, if established, would defeat and destroy not only the demandant's *title,* acquired as before stated, but also the conditional title or interest which *Bracket* has in the premises in virtue of the second mortgage, it is evident that both have an interest in the event of the present

action; but their interests are distinct. The interest of *Bracket* is nothing more than that which every grantee has in the goodness and safety of his grantor's title; for whether his deed contains the usual covenants, or no covenants, he may still be interested. It seems to be well settled that where an action is brought in the name of A, in trust for B, or for his exclusive benefit, the defendant may give in evidence, the declarations of either or both of them; but it does not appear that this is so brought. It appears that the demandant has an interest in the land demanded; and there is no remedy but by action to become possessed of it. Now, as *Bracket* was not a party, nor wholly interested in the property in question, as in the case supposed, or as in the cases cited by the counsel for the tenant, it would seem to be manifestly unjust that his declarations should be permitted to defeat and destroy, not only his own conditional and dependent interest in the land, but the title and interest of the demandant, over which he certainly can exercise no other kind of control. It is a familiar principle that as to every one, except *Bracket*, the demandant is to be considered as the owner of the legal estate, unless his title deeds are void; and we think he cannot be deprived of his legal rights, by a stranger, or by one standing as *Bracket* does in relation to the demandant. Suppose that in this case *Field* had pleaded *non est factum*, and that the demandant had offered to prove by *Bracket's* declarations that *Field* had confessed to him that he signed the deed; could such evidence be admitted? Or suppose that *Field* had offered to prove the declarations of *Bracket* that he was present when the deed was signed by another man with *Field's* name—that is, that the deed was forged. Could such proof be admitted? If not, how can they be admitted to shew the usury to the prejudice of the demandant? The principle contended for might produce glaring injustice. Suppose that the premises, which are said to be worth above two thousand dollars, had been mortgaged to *Bracket* for only one hundred dollars; if his admissions or declarations can be admitted, he might collude with *Field*, for the purpose of injuring *Richardson*, and by losing his own hundred dollars, confess away *Richardson's* property to the amount of two thousand dollars. Or, without collusion with any one, he might do the same thing from

39

enmity to the demandant.    It does not appear when the declarations which the defendant offered to prove were made ; if after the deed was made by *Bracket* to the demandant, they are inadmissible on the plain principle that a grantor shall not by his declarations injure or defeat the title he has conveyed.    *Alexander v. Gould*, 1 *Mass.* 165.

The question may also be presented in another point of view. According to the decision of this court in the case of *Deering v. Sawtel*, 4 *Greenl.* 191, *Bracket* could not have been admitted as a witness to impeach the mortgage by testifying to the usury in the notes secured by the mortgage, even had he been totally disinterested.    In that case the action was brought by the assignee of a mortgage against the grantee of the mortgagor ; and the mortgagor was offered as a witness to prove the notes, secured by the mortgage, to have been usurious ; and he was decided to be inadmissible, as he was a party to the mortgage.    For the same reason, *Bracket*, the mortgagee, was inadmissible, because he was a party to the mortgage. Now, it would be strange indeed if his declarations should be better evidence against the demandant, than his oath would have been. The more we examine the question before us, which seems to be a new one, the more we are satisfied that the evidence of *Bracket's* declarations was properly rejected.    Accordingly there must be

*Judgment on the verdict.*